## Fischer v. Deuben

*P. Andrew Diamond,* for plaintiff.
*R. L. McMillan,* for defendants.

KLEIN, *J.,* January 23, 1978—This case is before the court on plaintiff's praecipe to strike appeal and defendants' petition to reinstate appeal. Assuming the facts alleged in defendants' petition are true, the following events occurred.

On September 27, 1977, defendants' attorney received notice that a judgment had been entered against defendants on September 22, 1977, by

Magistrate Louis E. Kirchner. Upon learning of the judgment, defendants' attorney sent a notice of appeal form to the prothonotary of Beaver County. Allegedly contained therein was a letter requesting the prothonotary to send the appropriate materials for notifying the justice of the peace and the appellee, along with the proof of service form and the appropriate bill of costs. No check accompanied the letter.

Thereafter, on October 3, 1977, defendants' attorney received the requested materials and a bill for $25, the cost of the J.P. appeal. The materials contained the identifying docket number for the appeal, 1531 of 1977. On October 4, 1977, a check in the amount of $25 was sent to the prothonotary and the appropriate notice forms were sent to the justice of the peace and plaintiff.

The notice of appeal on file with the prothonotary bears the date September 28, 1977. The proof of service of notice of appeal and rule to file complaint bears the date October 6, 1977.

Plaintiff filed a praecipe to strike appeal on October 24, 1977. Therein, plaintiff alleged that defendants had violated Pa.R.C.P.J.P. 1005(B), in that they failed to file proof of service of notice of appeal within five days after filing notice of the appeal. On November 7, 1977, defendants filed a petition to reinstate appeal.

With respect to the filing of proof of service of notice of appeal, Pa.R.C.P.J.P. 1005(B) provides as follows:

"The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within five (5) days after filing the notice of appeal."

Upon failure to comply with the above provision, Pa.R.C.P.J.P. 1006 provides:

". . .[T]he prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown."

The commentary to Rule 1006 states that the rule is intended to provide sanctions for failing to act within the time limits prescribed. An appeal should be reinstated only under "exceptional circumstances."

Defendant contends that the actual date of the filing of the notice of appeal was October 4, 1977. This contention is based on the fact that the prothonotary could not have received the filing fee until at least this date. In Morin v. H & L Development Co., 25 Bucks 108 (1974), defendant urged the court to adopt the position that placing proof of service in the mail was equivalent to "filing" under Pa.R.C.P.J.P. 1005(B). In disagreeing, the court stated:

"In our view the words 'shall file with the Prothonotary' are quite clear. These words literally mean that the required document shall be physically deposited with and received by the Prothonotary. The document is 'filed' upon its receipt. . . ." Id. at 109. In the present case, the notice of appeal was received by the prothonotary on September 28, 1977. This is the filing date of the notice of appeal.

The issue now becomes whether or not the appeal should be stricken for failure to comply with Pa.R.C.P.J.P. 1005(B). In Cluck v. Geigley, 58 D. & C. 2d 429 (1972), the court dealt with the issue as follows:

"Defendant did not comply with the rules govern-

ing an appeal from a judgment of the justice of the peace. The rules were promulgated to correct deficiencies in the Minor Judiciary Court Appeals Act of December 2, 1968, (No. 355) 42 P.S. §3001. That statute was enacted to make uniform the procedure relating to appeals from decisions of the minor judiciary. To make exceptions in this procedure now would be unwise even if permissible, and in view of the mandatory character of the rules here violated we feel that exceptions are impermissible in the absence of fraud or its equivalent . . ." Id. at 431. See also Voynik v. Davidson, 69 D. & C. 2d 267, 34 Beaver 98 (1975); Hewitt v. Shaffer, 61 D. & C. 2d 772, 54 Westmoreland 235 (1972).

Defendants have not alleged anything in their petition that could be construed to amount to fraud or its equivalent.

In Landon v. Peck, 55 Erie 83 (1972), defendant's attorney rather than defendant, was served with notice of appeal. In allowing the appeal, the court stressed the fact defendant had addressed a letter to plaintiff's attorney stating that defendant's attorney should receive any communications. Under such circumstances, the conduct of defendant was an exceptional circumstance as contemplated by the note to Pa.R.C.P.J.P. 1006.

The circumstances in the present case were created by defendants' attorney. There was sufficient time to acquire all the necessary forms before filing notice of appeal. Furthermore, a call to the prothonotary would have alleviated much of the problem. Having failed to allege anything that could be construed as exceptional circumstances, the appeal must be stricken.

As noted, defendant urges that the appeal was not filed or "perfected" until the prothonotary's fee

was paid on October 6, 1977, or when it was mailed on October 4, 1977:

"This situation is analogous to appeals from Courts of record in the Commonwealth of Pennsylvania in which the payment of the appropriate fee is required 'at the time of filing the appeal'. 40 P.S. §1135."

Said citation is incorrect and so is the assertion. Pa.R.A.P. 2701(a) provides:

"General rule. A person upon filing any paper shall pay any fee therefor prescribed by law. The clerk may permit papers to be filed without payment of the fee therefor, but shall require such to be paid promptly thereafter. If the fee is not paid promptly after demand therefor, the clerk may mark the paper stricken from the docket under this rule."

And, Pa.R.A.P. 1971 provides:

"If the appellant shall fail to file a copy of the notice of appeal with the prothonotary of the appellate court or to pay the docket fee, if a docket fee is required, any appellee may file a motion in the appellate court to dismiss the appeal."

And, defendant further contends that the severe sanction is, nevertheless, inappropriate. As we said in the Voynik case, supra:

"The result may appear to be harsh in this instance. However, we are concerned with a rule of the Supreme Court and are duty bound to enforce it in these circumstances. The applicable rules were adopted June 1, 1971."

Although it is not dispositive instantly, it is important to recognize that, under the rules, defendant had until October 6, 1977, to file his appeal. If

defendant would have acquired whatever information he lacked and then filed his appeal on October 4, 5 or 6, he would have had five days from date of filing to file the required notice of appeal. The prothonotary had no choice but to strike the appeal upon praecipe to do so by plaintiff under Pa.R.C.P.J.P. 1006.

Instantly, despite failure to comply with a rule, the appeal was filed, notice of appeal served and proof of service filed, all within 20 days. In such circumstances, it would be our hope that one attorney would not seek to take advantage over another attorney when no real delay, let alone a prejudicial delay, was occasioned. Deciding cases on their merits is much to be preferred over deciding cases on the technicalities of rules of procedure. On the other hand, rules are rules, and when they have been in effect for six years and may readily be complied with, we should hope that all attorneys would do so.

For all of these reasons, we shall enter an order denying plaintiff's petition to reinstate appeal.

## ORDER

And now, January 23, 1978, it is hereby ordered, adjudged and decreed that defendants' petition to reinstate appeal is denied. The appeal is to be stricken from the record.